United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLAYTON COLLINS,

          Plaintiff,

    v.

COUNTY OF ALAMEDA, et al.,

          Defendants.

Case No.  24-cv-03283-JCS

**REPORT AND RECOMMENDATION RE DISMISSAL**

## I.      INTRODUCTION

On June 6, 2024, the undersigned magistrate judge granted Plaintiff's application to proceed in forma pauperis and ordered him to show cause why his complaint should not be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) because he has failed to state any viable claim.  Order to Show Cause Why Case Should Not be Dismissed Under 28 U.S.C. § 1915,  dkt. no. 5 (the "OSC").  Plaintiff has filed an amended complaint but the defects previously identified by the Court have not been cured. Accordingly, the undersigned recommends that this case be DISMISSED WITH PREJUDICE. Because not all parties have appeared and consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), this case will be reassigned to a United States district judge for all further proceedings, including action on the recommendation of this report.

## II.     THE FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint ("FAC"), like his original complaint, alleges a wide-ranging conspiracy in 1997 and 1998 related to efforts to remove him from his position as the director of a court diversion program and to have him charged with a sex crime.  FAC at pp. 3-4.

United States District Court
Northern District of California

The underlying facts date back as far as 1992.[1] *Id.* at pp. 5-9.

In his original complaint, Plaintiff asserted claims under 42 U.S.C. § 1983 against the County of Alameda, Deputy District Attorneys ("DDA") John Jay and Steven Dal Porto, Officer Rick Cocanaur, Judge Vernon Nakahara and court clerk Tracy Wellencamp. The Court found that the claims were untimely, that Judge Nakahara and court clerk Tracy Wellencamp were immune under the doctrine of judicial immunity, that Jay and Dal Porto were immune under the doctrine of prosecutorial immunity, and that Plaintiff's claims were barred under the *Rooker-Feldman* doctrine. *See generally*, OSC.

In the FAC, Plaintiff appears to assert his claims under both 42 U.S.C. § 1983 and 42 U.S.C. § 1985.[2] *See* FAC at p. 2 (listing both statutes as the basis for federal jurisdiction). He has added as defendants Judges Jeffrey Allen and Larry Goodman, public defender Scott Spear, private individual Derrick Bedford, and court appointed attorneys Michael Berger and Marvin Levy. He has dropped Tracy Wellencamp as a defendant. While he previously sought money damages and injunctive relief in the form of an order directed to the Alameda Superior Court to correct the record, vacate his convictions and clear his name, Plaintiff drops his request for injunctive relief in his FAC and now seeks only monetary damages. Complaint at p. 12; FAC at 24.

**III.    ANALYSIS**

    **A.    Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)**

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave

---

[1] The reader is referred to the Court's Order to Show Cause Why Cause Should Not be Dismissed, dkt. no. 5 for a detailed summary of Plaintiff's allegations. As the contours of the conspiracy alleged in the FAC have not changed, the Court highlights here only the modifications in the FAC as to the claims that are asserted and the defendants who are named.

[2] Section 1985 is directed at conspiracies to deprive an individual of their civil rights. Section 1985(3) makes it unlawful for "two or more persons in any State or Territory [to] conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). It "provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 382 (1979). Thus, if a plaintiff has not stated a claim under § 1983, he cannot state a claim under § 1985. *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 524 (9th Cir. 1994).

to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).   Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007).  In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted).  The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face."  *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).  Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."  *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d

United States District Court
Northern District of California

1258, 1261 (9th Cir. 1992)).  "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors."  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### B.   Timeliness of Claims

For actions under 42 U.S.C. §§ 1983 and 1985, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law. *Taylor v. Regents Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993).  In California, the statute of limitations for personal injury claims is two years. Cal. Civ. Proc. Code section 335.1.

In the FAC, like the original complaint, Plaintiff's claims are based on events that occurred decades ago.  Moreover, as in the original complaint, Plaintiff does not allege facts that indicate that he was prevented from asserting the civil rights claims in this case within the applicable limitations period due to any technicality, or that the injustice to Plaintiff occasioned by the bar of his claim outweighs the important public interest expressed by the limitations statute.  Therefore, the Court concludes that all of his claims fail on the basis that they are untimely.

### C.   Judicial Immunity

As the Court explained in its OSC, judges and those performing judge-like functions are absolutely free from liability for damages for acts performed in their official capacities. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc).  Because Plaintiff's claim against Judge Nakahara (Claim Three) continues to be based on that judge's official acts, that claim is barred under the doctrine of judicial immunity.  Likewise, the allegations against Judge Jeffrey Allen, who is named as a defendant in Claim Two, establish that the conduct that is the basis of that claim falls within the category of "official acts" that give rise to judicial immunity.  In particular, Plaintiff alleges in the SAC that exculpatory evidence was "suppressed and covered up" by Judge Allen, along with two district attorneys, during a "preliminary hearing of case 136321."  SAC at p. 12.  Plaintiff further alleges that Judge Allen and others "conspired to pretend to have the authority, probable cause and evidence to bring these charges and hold the plaintiff without legal authority to do so."  *Id.*

4

It also appears that Plaintiff's claim against Judge Goodman (Claim Four) is based on official judicial acts and therefore is subject to absolute immunity. In particular, Plaintiff alleges that Judge Goodman "partner[ed]" with Plaintiff in the creation of a diversion program, the Underground Railroad Rehabilitation Program, in an "effort[ ] to reduce the prison population"; that Plaintiff and Judge Goodman "worked together" for three and a half years and that clients were "referred" from "Judge Goodman's courtroom"; and that when Plaintiff's relationship with "the courts" had "broken down" Judge Goodman and others "conspired" to take possession of the Underground Railroad Program, which Plaintiff alleges was his property. As the acts alleged relate to the creation and operation of a diversion program to which Judge Goodman referred criminal defendants in his capacity as a judge, they are "'judicial' in nature[,]" *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). Therefore, the claim against Judge Goodman is barred under the doctrine of judicial immunity.

### D.    Prosecutorial Immunity

The Court previously found that DAs Jay and Dal Porto were immune from Plaintiff's claims under the doctrine of prosecutorial immunity because the conduct at issue was "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-431 (1976). In the SAC, Plaintiff again alleges that Jay and Dal Porto engaged in misconduct in connection with a criminal case brought against Plaintiff, Case No. 136321. SAC at pp. 12-18. Therefore, these claims are barred under the doctrine of prosecutorial immunity.

### E.    *Rooker Feldman* Doctrine

In the OSC, the Court found that all of Plaintiff's claims were barred under the *Rooker-Feldman* doctrine because they constituted a de facto appeal of Plaintiff's state court convictions. OSC at 9-10. In reaching this conclusion, the Court pointed out that in the original complaint, "Plaintiff ask[ed] the Court to vacate at least three state court convictions and award relief that was denied by the Alameda Superior Court as recently as 2023." *Id.* In the SAC, Plaintiff has dropped his request for injunctive relief and seeks only damages. However, the damages he seeks include damages for the time he spent in prison as a result of the challenged conviction as well as for the time when he was "seized" for failure to register as a sex offender. SAC at p. 24. Consequently,

United States District Court
Northern District of California

even if Plaintiff no longer directly requests that the Court overturn his prior convictions, his complaint is a de facto appeal of state court judgments and is barred under the *Rooker-Feldman* doctrine.

## IV.     CONCLUSION

For the reasons stated above, the undersigned concludes that all of Plaintiff's claims fail to state a claim and should be dismissed.  Because Plaintiff has been given an opportunity to respond to the defects identified in the OSC and has been unable to cure them, it is further recommended that this action be dismissed with prejudice.  Plaintiff may file an objection to this Report and Recommendation within fourteen days of the date on which this recommendation is delivered to the address on record with the Court.

Dated:  July 30, 2024

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California

6