UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON COLLINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-03283-EMC<br><br>**ORDER ADOPTING IN PART REPORT & RECOMMENDATION; AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>Docket Nos. 9, 11 |

　　Plaintiff Clayton Collins, proceeding pro se, has alleged that his civil rights were violated in connection with two state court criminal proceedings which took place in the 1990s. Currently pending before the Court is Magistrate Judge Spero's report and recommendation ("R&R") in which he recommends that Mr. Collins's case be dismissed with prejudice. *See* Docket No. 9 (R&R). Mr. Collins has objected to the R&R and further asked for leave to amend his operative complaint. *See* Docket No. 11 (objections and motion). For the reasons discussed below, the Court **ADOPTS** in part the R&R and further **DENIES** Mr. Collins's motion to amend.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

A.    Complaint and FAC

　　Judge Spero's R&R, along with his order to show cause, addresses the factual allegations underlying Mr. Collins's original complaint and first amended complaint ("FAC"). *See generally* Docket No. 5 (order to show cause); Docket No. 9 (R&R). Mr. Collins does not take issue with Judge Spero's characterization of those factual allegations. This Court has also reviewed the pleadings and agrees with Judge Spero's characterization.

　　To wit: Mr. Collins alleges in his pleadings that his civil rights were violated by various

1   government actors in connection with two state court criminal proceedings. Both of these criminal
2   proceedings took place in or about the late 1990s.

- In the first criminal proceeding (No. 135229), Mr. Collins was charged with failure to register as a sex offender. According to Mr. Collins, he was not required to register as a sex offender because the underlying crime at issue (which took place in or about 1992) was not a sex offense. Furthermore, there was no proof that the crime was a sex offense. Nevertheless, Mr. Collins was convicted.
- In the second criminal proceeding (No. 136321), Mr. Collins was charged with the sexual assault of two employees of the City of Oakland. According to Mr. Collins, the Oakland employees falsely accused him of sexual assault, and, in recognition of such, one of the deputy district attorneys in the DA's Office declined to prosecute. Nevertheless, a different deputy district attorney decided to pursue criminal proceedings against him without justification. The case was resolved when Mr. Collins reached an agreement with the prosecutor that the case would be dismissed in exchange for his agreement not to appeal his conviction in the first case above. Although the case was actually dismissed, the court records suggested that the case was resolved because Mr. Collins pled guilty to the crimes. As a result, Mr. Collins's "rap sheet" (*i.e.*, criminal history record) also indicated the same. In August 2023, a state court acknowledged that the court records were not "entirely accurate" and thus ordered the clerk of the court to add a clarification to the minutes from a hearing in October 2000. FAC Compl., Ex. N (Order at 2).

Mr. Collins maintains that both criminal cases were initiated and/or maintained because certain government actors were conspiring against him. During the relevant time, Mr. Collins had developed and managed a program for at-risk youth known as the Underground Railroad. The program, which was used by the Alameda County courts, was successful. According to Mr. Collins, certain government actors wanted to remove him from the program and run the program in his place, and thus initiated and/or maintained the criminal proceedings against him.

Based on, *inter alia*, the above allegations, Mr. Collins asserts that his civil rights, as

1 protected by §§ 1983 and 1985, were violated.

B.    Procedural History

At the time he filed his original complaint, Mr. Collins asked for leave to proceed in forma pauperis ("IFP"). Judge Spero, the then-assigned judge, granted the IFP application but held, pursuant to the review required by 28 U.S.C. § 1915(e),[1] that Mr. Collins's claims were not viable. Judge Spero stated that, based on the allegations in the complaint, the claims were barred by the statute of limitations and the *Rooker-Feldman* doctrine. Judge Spero also concluded that the individual defendants were protected by immunities such as judicial immunity and prosecutorial immunity. Judge Spero thus ordered Mr. Collins to show cause as to why his case should not be dismissed. Judge Spero allowed Mr. Collins to respond "by filing either an amended complaint that addresses the deficiencies [identified] or a response that addresses why his current complaint is sufficient." Docket No. 5 (Order at 11).

Mr. Collins responded by filing the FAC. Judge Spero reviewed that pleading – again under § 1915(e) – and concluded that, like the original complaint, the FAC was deficient. Judge Spero again pointed to a time bar, the *Rooker-Feldman* doctrine, and judicial and prosecutorial immunities. He thus recommended that Mr. Collins's case be dismissed – this time with prejudice because Mr. Collins had been given an opportunity to address the deficiencies but failed to do so. *See* Docket No. 9 (R&R at 6).

Mr. Collins has filed objections to the R&R. In the same document, he has also asked for leave to amend on the basis that he is able to address the deficiencies identified by Judge Spero.

## II.    DISCUSSION

A.    Legal Standard

Federal Rule of Civil Procedure 72(b) governs R&Rs. It provides in relevant part that a "district judge must determine de novo any part of the magistrate judge's disposition [on a dispositive matter] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Accordingly,

---

[1] Where a plaintiff proceeds in forma pauperis, they are subject to § 1915(e). Section 1915(e) provides in relevant part that a court "shall dismiss" if an action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

here, the Court reviews *de novo* whether dismissal of Mr. Collins's suit was proper under § 1915(e).

As noted above, under § 1915(e), a court "shall dismiss" if an action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). With respect to § 1915(e)(2)(B)(ii), the Ninth Circuit has stated that a failure to state a claim for relief under that subsection is the same as a failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). *See Hebrard v. Nofziger*, 90 F.4th 1000, 1007 (9th Cir. 2024) (stating that the "same substantive rules apply to Rule 12(b)(6) and § 1915(e) dismissals for failure to state a claim") (emphasis omitted). For purposes of Rule 12(b)(6), a plaintiff is not required to plead factual allegations in anticipation of an affirmative defense. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). However, "[w]hen an affirmative defense is obvious on the face of a complaint," *id.*, a court may address the affirmative defense. In the case at bar, Judge Spero's R&R was based in part on affirmative defenses such as judicial and prosecutorial immunities and the statute of limitations.

Beyond § 1915(e), a court has a *sua sponte* obligation to ensure that it has subject matter jurisdiction over a matter. *Rooker-Feldman* relates to subject matter jurisdiction. *See Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 U.S. Dist. LEXIS 19276, at *10 (S.D.N.Y. Feb. 6, 2018) (noting that "[r]es judicata and collateral estoppel are affirmative defenses," but not *Rooker-Feldman*; *Rooker-Feldman* "is a limit on [a] [c]ourt's subject matter jurisdiction"); *see also Qin Zhang v. Google, Inc.*, 609 Fed. Appx. 459, 460 (9th Cir. 2015) (holding that "[t]he district court properly dismissed [plaintiff's] federal claims sua sponte for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine").

Finally, to the extent Mr. Collins asks for leave to amend, Federal Rule of Civil Procedure 15(a) governs. "[A] court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors that may be considered in determining whether an amendment is proper include "undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and

4

1  futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020).

2  B.     Individual Immunities

In his objections to the R&R, Mr. Collins argues that judicial and prosecutorial immunities are not a bar to his suit because Judge Spero misconstrued the FAC and proceeded on the understanding that Mr. Collins was still suing individual defendants. However, Mr. Collins clarifies that his intent then – and now – is to sue only Alameda County. *See* Docket No. 11 (Obj. at 2). Mr. Collins adds that he can make that clarification in an amended pleading.

Mr. Collins is correct that judicial and prosecutorial immunities are immunities that only individuals may assert – *i.e.*, such immunities may not be claimed by a governmental entity such as Alameda County. *See, e.g.*, *Myers v. Potter*, 422 F.3d 347, 352 (6th Cir. 2005) (stating that the defense of qualified immunity "is not available to municipalities"); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) (stating that "defenses of absolute immunity and qualified immunity are the official's personal privileges for his official acts" and "do not belong to the governmental entity" – *i.e.*, "the entity itself is not allowed to assert them"); *Gearin v. Rabbett*, No. 10-CV-2227 (PJS/AJB), 2011 U.S. Dist. LEXIS 8778, at *21 (D. Minn. Jan. 28, 2011) (stating that "prosecutorial immunity does not extend to municipalities"). The problem for Mr. Collins is that, even if he is suing only Alameda County, there are other reasons why his suit still lacks merit.

C.     *Rooker-Feldman*

In his R&R, Judge Spero held that *Rooker-Feldman* was a bar to Mr. Collins's claims. Under the *Rooker-Feldman* doctrine, "a state-court decision is not reviewable by lower federal courts. [It] bars a federal district court from exercising subject matter jurisdiction not only over an action explicitly styled as a direct appeal, but also over the de facto equivalent of such an appeal." *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022) (internal quotation marks omitted); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (noting that federal district courts are not authorized to exercise appellate jurisdiction over state court judgments; rather, Congress has reserved such appellate jurisdiction for the U.S. Supreme Court). Judge Spero concluded that Mr. Collins was making de facto appeals of the state court judgments in the

5

criminal proceedings. He acknowledged that Mr. Collins had dropped any claim for injunctive relief in his most recent pleading and sought only damages. However, Judge Spero stated that, "even if Plaintiff no longer directly requests that the Court overturn his prior convictions,[2] his complaint is a de facto appeal of state court judgments and is [thus] barred." Docket No. 9 (R&R at 6).

In his objections, Mr. Collins has not addressed Judge Spero's *Rooker-Feldman* analysis – *i.e.*, that even if the only relief being sought is damages, *Rooker-Feldman* still applies. At best, Mr. Collins simply reiterates that he is seeking damages. *See* Obj. at 3 ("Plaintiff is no longer making any of those requests to vacate state court convictions. The plaintiff understands that he cannot have the federal courts give him an appeal on the state[] actions and is no longer asking for that relief which should satisfy the issue with the Rooker Feldman Doctrine. The plaintiff is now seeking compensation for loss of freedom, intentional infliction of emotional distress, the proven due process violations, and the cover up of the wrongful acts of Alameda County employees."). By failing to object to Judge Spero's analysis, Mr. Collins has essentially waived review by this Court. *Cf. Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *Cephas v. Nash*, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). The Court acknowledges that Judge Spero's R&R did not expressly warn Mr. Collins that failure to object could be deemed a waiver. *Compare Thomas*, 474 U.S. at 144-45 (noting that R&R at issue expressly warned that "'[f]ailure to file objections within the specified time waives the right to

---

[2] There was no criminal conviction in No. 136321. However, Judge Spero likely referred to "convictions" because of No. 135229 and the underlying crime (which Mr. Collins asserts was not a sex offense). Although there was no conviction in No. 136321, Mr. Collins still appears to be challenging the state court judgment because he contends that the court records did not accurately state what the resolution of the case was.

6

appeal the District Court's order'"); *see also United States v. Esquivel*, 805 Fed. Appx. 845, 847 (11th Cir. 2020) (taking note of a rule in the circuit that "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation . . . waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting *and* the consequences on appeal for failing to object'") (emphasis added). Nevertheless, it is clear that Mr. Collins understood that his case would end if he did not address the deficiencies identified by Judge Spero; hence, he filed objections to the R&R and moved for leave to amend.

By failing to challenge Judge Spero's holding on *Rooker-Feldman*, Mr. Collins has effectively conceded that this Court lacks subject matter jurisdiction over his case. Without subject matter jurisdiction, the Court cannot rule on the merits of his claims for relief. Dismissal of Mr. Collins's case is therefore warranted.

D.   Res Judicata/Claim Preclusion

Even if the Court did have subject matter jurisdiction over Mr. Collins's case, he would fare no better because his claims would be barred for independent reasons – specifically, because of res judicata and the statute of limitations.[3] The Court addresses first the doctrine of res judicata.

In his objections, Mr. Collins refers to a prior lawsuit that he filed in federal court. Mr. Collins states: "In 2010-2011, plaintiff attempted to have some of these matters addressed through a federal complaint and was instructed by the Federal Magistrate to return to the county courts."[4] Docket No. 11 (Obj. at 3).

The case that Mr. Collins is referring to is *Collins v. City of Oakland*, No. C-13-1493 LB (N.D. Cal.) (hereinafter *Collins I*). In *Collins I*, Mr. Collins sued several individuals and several governmental entities, including Alameda County. The factual predicate for the claims in *Collins I* is the same as the factual predicate in the case at bar (hereinafter *Collins II*). For example, in

---

[3] To the extent Mr. Collins seeks damages for his conviction in the first criminal proceeding, another bar would be *Heck v. Humphrey*, 512 U.S. 477 (1944). Under *Heck*, a "§ 1983 action challenging a conviction or sentence does not 'exist[]' until the conviction or sentence is invalidated." *Rosales-Martinez v. Palmer*, 753 F.3d 890, 896 (9th Cir. 2014).

[4] It appears that Mr. Collins never mentioned this lawsuit in his filings submitted to Judge Spero.

7

*Collins I*, Mr. Collins asserted that his civil rights were violated in connection with the two state court criminal proceedings – Nos. 135229 and 136321. He alleged that the charges against him in each case were false and that they were initiated as a result of a conspiracy involving several government actors, including employees of Alameda County. He also alleged that the criminal charges were brought for the purpose of taking over his business, *i.e.*, the Underground Railroad.

*Collins I* was resolved when Judge Beeler granted the defendants' motions to dismiss. She held that Mr. Collins's federal claim (§ 1983) was barred by the statute of limitations and, even if not, "to the extent that he allege[d] judicial error," the claim was barred by *Heck v. Humphrey*, 512 U.S. at 477. *Collins I*, No. C-13-1493 LB (Docket No. 70) (Order at 10). Judge Beeler thus dismissed the federal claim with prejudice. As for the remaining state law claims, Judge Beeler declined to exercise supplemental jurisdiction and therefore dismissed those claims without prejudice. She noted that nothing barred Mr. Collins from refiling his state law claims in state court. *See Collins I*, No. C-13-1493 LB (Docket No. 70) (Order at 10-11).

Because *Collins I* and *Collins II* share the same factual predicate, and *Collins I* was adjudicated (at least on the federal claim), the Court must consider whether the doctrine of res judicata bars Mr. Collins from proceeding with *Collins II*. Res judicata is also known as claim preclusion. Generally speaking, "[c]laim preclusion . . . bars any *subsequent* suit on claims that were raised or could have been raised in a *prior* action." *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010) (emphasis added). Here, the prior action – *Collins I* – was a federal lawsuit where the federal court exercised jurisdiction pursuant to federal question jurisdiction (and not diversity). "The preclusive effect of a federal court's judgment issued pursuant to its federal-question jurisdiction is governed by the federal common law of preclusion." *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012); *see also Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (stating that, "[f]or judgments in federal-question cases . . . federal courts participate in developing 'uniform federal rule[s]' of res judicata, which this Court has ultimate authority to determine and declare"); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507 (2001) (noting that "no federal textual provision addresses the claim-preclusive effect of a federal-court judgment in a federal-question case, yet we have long held that States cannot give those judgments

8

merely whatever effect they would give their own judgments, but must accord them the effect that this Court prescribes"); *Maher v. GSI Lumonics, Inc.*, 433 F.3d 123, 126 (1st Cir. 2005) (stating that, "because the judgment in *Maher I* was rendered by a federal court exercising federal question jurisdiction, the applicability of res judicata is a matter of federal law").

Under federal preclusion law, the elements necessary to establish res judicata are: "'(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Furthermore, where res judicata applies, it "bar[s] all grounds for recovery which *could* have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980) (emphasis added); *see also Tahoe-Sierra Pres.*, 322 F.3d at 1077-78 (stating that "imaginative" parties may not "avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated").

The Court concludes that res judicata is applicable in the case at bar. Each of the elements above has been met. On the first res judicata factor, *i.e.*, identity of claims between the first and second lawsuits, the Ninth Circuit has noted that this typically requires consideration of

> four criteria, which we do not apply mechanically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). However, the Ninth Circuit has also stated that the first criterion is often determinative. *See Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1028 (9th Cir. 2019) (collecting cases). That is the case here. There is an identity of claims because, as described above, the same factual predicate underlies both *Collins I* and *Collins II*; thus, the two lawsuits arise out of the same transactional nucleus of facts. *See Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) ("'[W]hether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate.'"); *Mpoyo*, 430 F.3d at 987 ("'Whether two events are part of the same transaction or series depends on whether they are

related to the same set of facts and whether they could conveniently be tried together.' Because both sets of [plaintiff's] claims arise from [defendant's] conduct while Mpoyo was an employee and specifically from the events leading to his termination, his claims relate to the same set of facts."). To the extent there may be some differences in the legal claims asserted in *Collins I* and *Collins II* (*e.g.*, *Collins I* does not appear to invoke § 1985 whereas *Collins II* does), that is immaterial since, as noted above, res judicata applies not only to claims that were actually brought in the first lawsuit but also to claims that could have been brought. *Cf. Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 651-52 (9th Cir. 1988) (addressing res judicata under state law; holding res judicata barred plaintiff from relitigating issues that were raised or could have been raised in his state court action, including newly asserted Section 1983, 1985, and 1986 claims).

As for the second res judicata factor, *i.e.*, a final judgment on the merits, "[t]he Supreme Court has unambiguously stated that a dismissal on statute of limitations grounds is a judgment on the merits" for purposes of res judicata. *Tahoe-Sierra Pres.*, 322 F.3d at 1081 (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995)); *see also Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (noting the same). As noted above, in *Collins I*, Judge Beeler dismissed the claims on the basis of a time bar; thus, there was a final judgment on the merits.

Finally, on the third res judicata factor, the same parties were involved in both *Collins I* and *Collins II* – *i.e.*, in each case, Mr. Collins asserted or is asserting claims against Alameda County.

Because res judicata applies, dismissal of all claims against Alameda County here (in *Collins II*) is warranted.

E.  Statute of Limitations

Although the Court concludes that res judicata alone is a basis for dismissing the instant case, it also addresses, out of an abundance of caution, the affirmative defense of statute of limitations. As noted above, Judge Spero identified the statute of limitations as a bar to Mr.

Collins's case.[5]

In his FAC, Mr. Collins asserts claims predicated on §§ 1983 and 1985. These two federal statutes do not contain their own statute of limitations. "Without a federal limitations period, the federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993) (applying California's statute of limitations for personal injury actions to claims brought pursuant to, *inter alia*, §§ 1983 and 1985). "California's statute of limitations for personal injury claims is two years." *Butler*, 766 F.3d at 1198; *see also* Cal. Code Civ. Proc. § 335.1 (providing for a two-year limitations period for "[a]n action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another"). Although California law is adopted for the limitations period (as well as tolling), federal law still governs as to when a § 1983 or 1985 claim accrues (which starts the running of a limitations period). *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). "[U]nder federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.*

In the instant case, Mr. Collins's position is that both of the state court criminal proceedings against him (Nos. 135229 and 136321) were patently unjustified:

(1) With respect to No. 135229, Mr. Collins never engaged in a sex offense and therefore could not be required to register as a sex offender.

(2) With respect to No. 136321, the two Oakland employees falsely accused Mr. Collins of sexual assault.

Given his position above, Mr. Collins must have known, or at least had reason to know, of his injuries once the criminal cases were initiated, which was in the late 1990s. Clearly, then, there is a time bar: Mr. Collins did not bring the instant action until 2024 which is decades later.

---

[5] In *Collins I*, Judge Beeler also found Mr. Collins's claims time barred.

Even if, at the time the cases were initiated, Mr. Collins did not know that charges were being brought in an attempt to deprive him of his business (as alleged in the FAC), that is immaterial. Mr. Collins did not have to know about the "bad motive" of the government actors in order to know that he was injured. *Cf. id.* at 1048-49 (in employment discrimination case, rejecting plaintiff's argument that claims did not accrue "until they knew both that they were not being hired *and* of the Defendants' alleged discriminatory intent"; agreeing with other circuit courts that a "claim accrues upon awareness of the actual injury, i.e., the adverse employment action, and not when the plaintiff suspects a legal wrong") (emphasis in original); *id.* at 1050 (analogizing to an FTCA claim which "accrues when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury, but is not deferred until the plaintiff has evidence of fault" – *e.g.*, "in *Davis*, we determined that the statute of limitations accrued when plaintiff knew he had been injured and that the likely cause was the Sabin vaccine," but "accrual was not further deferred until plaintiff had reason to suspect governmental negligence"). Furthermore, even if Mr. Collins did not immediately know that Alameda County employees were involved in the (alleged) conspiracy, *see Jardin De Las Catalinas ltd. P'ship v. Joyner*, 766 F.3d 127, 133 (1st Cir. 2014) (noting that a § 1983 claim typically accrues at the time of injury, but the discovery rule may delay accrual – *e.g.*, "when 'the facts about causation [are] in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain'")), it is clear that he knew by 2013, which is when he filed his lawsuit against, *inter alia*, Alameda County in *Collins I*.

Mr. Collins, therefore, must rely on equitable tolling as a means to get around the time bar. As noted above, equitable tolling is governed by California law, not federal law. Under California law, "[e]quitable tolling is a judge-made doctrine 'which operates . . . to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (2003).

In the instant case, Mr. Collins suggests there should be tolling for various reasons – *e.g.*, because he was incarcerated for four years (*i.e.*, because of the conviction for failure to register); because he was diagnosed with and suffers bouts of PTSD; because Judge Beeler told him to

12

litigate his state law claims in state court; and because he spent time in state court to get the mistake on his rap sheet (suggesting he pled guilty in No. 136321) corrected. But even if the Court were to credit Mr. Collins for these time periods, he has not explained how they can cover a period of some twenty years.[6] Equitable tolling stops a limitations period from running *only* "during the tolling event, and begins to run again only when the tolling event has concluded." *Id.* (emphasis omitted).

Mr. Collins also asserts equitable tolling because, for his second criminal case (No. 136321), he believed that the incorrect information on his rap sheet "was some type of mistake and or deliberate attempt to stop post-conviction review. It was not until recently that plaintiff realized the false information was sent to the Dept. of Justice to prevent the appeal [in the first criminal case] and to prevent the plaintiff from filing a civil complaint." Docket No. 11 (Obj. at 4); *see also* Docket No. 1 (Compl., Ex. N at 5) (petition filed by Mr. Collins on 9/26/2023) (asserting that the information "was entered into the record as an intentional deliberate attempt to justify an illegal agreement which forced the petitioner to waive his right to an appeal in case number 135229"). Here, Mr. Collins has failed to explain why there should be tolling based on these circumstances. Equitable tolling is permitted where necessary to ensure fairness. *See Lantzy*, 31 Cal. 4th at 370. So long as Mr. Collins knew the fact that he was injured and the cause thereof, that should have been enough for him to bring suit; he did not need to know of additional conduct or the exact reasons why the government actors engaged in misconduct. He had enough information to bring suit long ago.

Finally, to the extent Mr. Collins argues that Alameda County somehow prevented him from filing suit, that is not substantiated: Mr. Collins did sue Alameda County in 2013, *i.e.*, in *Collins I*. Any other assertions of inequitable conduct on the part of the County are too conclusory and without merit.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court hereby adopts in part Judge Spero's R&R and denies

---

[6] It is worth noting that, even if Mr. Collins does suffer from PTSD, it does not appear to have stopped him from litigating before Judge Beeler or in the state court system.

13

Mr. Collins's motion for leave to amend. The Court dismisses the case at bar with prejudice based on *Rooker-Feldman* (failure to object by Mr. Collins), res judicata, and the statute of limitations.

The Clerk of the Court is directed to enter a final judgment in accordance with this order and close the file in this case.

This order disposes of Docket Nos. 9 and 11.

**IT IS SO ORDERED**.

Dated: November 25, 2024

_____
EDWARD M. CHEN
United States District Judge